IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAKSHAY NONE,

        Petitioner,

        vs.                                     Civ. No. 26-195  JB/JFR

DORA CASTRO, Warden of the Otero
County Processing Center; TODD LYONS,
Acting Director of Immigration and Customs
Enforcement; KRISTI NOEM, Secretary
Of the U.S. Department of Homeland
Security,

        Respondents.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Petitioner's Verified Petition for Habeas Corpus, filed January 29, 2026.  Doc. 4.  Petitioner concurrently filed a Motion for Temporary Restraining Order.  Doc. 5.  On February 12, 2026, Respondents filed a Response to Petition for Writ of Habeas Corpus.  Doc. 14.  On February 17, 2026, Petitioner filed a Reply.  Doc. 15.  For the reasons set forth below, the undersigned recommends that the Petition (Doc. 4) be **GRANTED**.

### I.  RELEVANT FACTUAL BACKGROUND

Petitioner Lakshay None is twenty years old and a national and citizen of India.  Doc. 4 at 4 ¶ 17.  Petitioner entered the United States on August 24, 2024, without inspection.  *Id.*  The Department of Homeland Security ("DHS") briefly detained Petitioner pursuant to a Form I-200 Warrant for Arrest of Alien and subsequently released him on an Order of Release on

---

[1] The Honorable James O. Browning referred this case to the undersigned on January 29, 2026, "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case," as authorized by 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan*, 901 F.2d 849 (10th Cir. 1990).  Doc. 8.

Recognizance ("ROR").  *Id.*  The ROR required Petitioner to enroll in Alternatives to Detention

("ATD") monitoring and to report regularly to Immigration and Customs Enforcement ("ICE").

*Id.* at ¶ 18.  Petitioner fully complied with all reporting and monitoring requirements.  *Id.*  During

this period of community supervision, Petitioner timely filed a Form I-589 - Application for

Asylum and Withholding of Removal,[2] obtained employment authorization, and maintained

continuous employment.  *Id.* at ¶ 19.  Petitioner's family resides in the United States and depends

on his income and stability.  *Id.*

On August 24, 2024, DHS served Petitioner with a Notice to Appear and charged him

with removability under INA § 212(a)(6)(A)(i) as an alien present without being admitted or

paroled.[3]  *Id.* at ¶ 20.  From August 24, 2024, through November 18, 2025, Petitioner remained

continuously supervised in the community and maintained perfect compliance with ATD.  *Id.* at

¶ 21.  On November 18, 2025, Petitioner appeared for a routine, scheduled ICE check-in

appointment as required and was detained without advance notice, without alleging any violation

of release conditions, and without identifying any changed factual or legal circumstances.  *Id.* at

¶ 22.  After the fact, Respondents asserted that Petitioner is subject to mandatory detention under

8 U.S.C. § 1225(b), relying on the DHS's July 8, 2025, *Interim Guidance Regarding Detention*

*Authority for Applications for Admission* and the Board of Immigration Appeals' decision in

*Matter of Yajure Hurtado*.  *Id.* at ¶ 4.  As a result, Petitioner is subjected to ongoing detention

without bond, without notice, and without any meaningful opportunity to contest his custody in

---

[2] The Record of Deportable/Inadmissible Alien dated November 18, 2025, indicates Petitioner's Form I-589 was filed on August 27, 2024.  Doc. 4-3 at 4.

[3] The Notice to Appear  indicates "In removal proceedings under section 240 of the Immigration and Nationality Act," and describes Petitioner *not* as "an arriving alien" but as "an alien present in the United States who has not been admitted or paroled."  Doc. 4-2 at 2.

violation of the Fifth Amendment's guarantee of due process and the Immigration and Nationality Act ("INA"). *Id.* at ¶ 5.

## II.  RELEVANT PROCEDURAL BACKGROUND

Petitioner filed the present Petition on January 29, 2026.  Doc. 4.  Therein, Petitioner asserts three counts for relief.  Count I alleges violations of procedural due process under the Fifth Amendment and is premised on Petitioner's reliance on being released into the interior and fully complying with every condition imposed by DHS and having his liberty revoked despite his compliance without notice or process.  *Id.* at 9-10, ¶¶ 36-40.  Count II alleges violations of substantive due process under the Fifth Amendment and is premised on Petitioner's "unlawful custody determination that Petitioner is subject to detention under 8 U.S.C. § 1225(b) and is ineligible for bond[.]"  *Id.* at 10-11, ¶¶ 41-45.  Count III alleges violations of the INA because "[a]pplication of 8 U.S.C. § 1225(b) to Petitioner is a violation of the INA because he is instead subject to discretionary detention under 8 U.S.C. § 1226(a)," which authorizes the detention of noncitizens in standard non-expedited removal proceedings before an IJ.  *Id.* at 6, 11-12, ¶¶ 27, 46-47.   Petitioner seeks habeas relief under 28 U.S.C. § 2241 and emergency injunctive relief ordering Respondents to provide a prompt bond hearing before a neutral adjudicator or, in the alternative, to restore Petitioner to release under appropriate conditions.  *Id.* at 3, ¶ 9.

On February 2, 2026, the Court issued an Order to Answer.[4]  Doc. 9.

On February 12, 2026, Respondents filed "an abbreviated response in lieu of a formal responsive memorandum of law . . . ."  Doc. 14 at 1.  Therein, Respondents state their position is that "Petitioner is subject to mandatory detention under Section 1225(b)(2) because they were

---

[4] In the Order to Answer, the Court ordered that Respondents are enjoined pursuant to the All Writs Act, 28 U.S.C. § 1651(a), from transferring Lakshay None outside the District of New Mexico while this proceeding is pending in order to ensure the Court retains jurisdiction in this matter.  Doc. 9 at 1.

present in the United States without being admitted or paroled." *Id.* at 1-2. Respondents reference a "similar conclusion" reached in *Singh v. Noem*, No. CIV 25-1110, 2026 WL 146005 (D.N.M. Jan. 20, 2026) "on legally operative facts relatively similar in nature to those currently before the Court." *Id.* at 2. Respondents thus "incorporate by reference" the legal arguments presented in its response brief . . . " in *Singh v. Noem*. Doc. 14 at 2 & n.1.

### III.  LEGAL STANDARD

The All Writs Act, as the name implies, provides federal courts with general authority to "issue all writs necessary or appropriate in aid of their respective jurisdictions . . . ." 28 U.S.C. § 1651(a) (emphasis added). Available writs include, *inter alia*, mandamus, habeas corpus, certiorari, quo warranto, and prohibition—antiquatedly termed "prerogative writs." *See generally Withrow v. Williams*, 507 U.S. 680, 716 (1993) (Scalia & Thomas, JJ., concurring in part) ("In English law, habeas corpus was one of the so-called 'prerogative' writs, which included the writs of mandamus, certiorari, and prohibition." (citations omitted)).

Additionally, 28 U.S.C. § 2241(a) provides federal courts the jurisdiction to grant a writ of habeas corpus to "release from unlawful physical confinement," *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973), a petitioner demonstrating "by a preponderance of the evidence," *Beeler v. Crouse*, 332 F.2d 783, 783 (10th Cir. 1964) (per curiam), the existence of one of the five circumstances enumerated in 28 U.S.C. § 2241(c). Relevant here, a petition for a writ of habeas corpus raised pursuant to 28 U.S.C. § 2241(c)(3) seeks release from federal custody that is "in violation of the Constitution or laws or treaties of the United States . . . ."

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v.*

4

*Davis*, 533 U.S. 678, 687 (2001); *Rasul v. Bush*, 542 U.S. 466, 483-84 (2004) ("[Noncitizen] Petitioners contend that they are being held in federal custody in violation of the laws of the United States. . . .  Section 2241, by its terms, requires nothing more."), *judgment entered*, No. 04A41, 2004 WL 7372970 (U.S. July 16, 2004).

### IV.  ANALYSIS

Respondents, without approval of the Court or authorization under local rule, purport to incorporate by reference the briefing submitted under seal in a different case.  Specifically, Respondents reference a "similar conclusion" reached in *Singh v. Noem*, No. CIV 25-1110, 2026 WL 146005 (D.N.M. Jan. 20, 2026) and "incorporate by reference" "all arguments raised in its response brief . . . ."  Doc. 14 at 2 & n.1.

Although FED. R. CIV. P. 10(c) provides for adoption by reference in some circumstances, this Court has previously held that "referencing a pleading from a different case is impermissible, even if the two cases involve the same parties . . . ."  *Macias v. New Mexico Dep't of Labor*, 300 F.R.D. 529, 562 (D.N.M. 2014) (Browning, J.); *see also Spirit Lake Tribe v. Jaeger*, 2019 WL 13299003, at *1 (D.N.D. June 17, 1999) ("allegations in pleadings in another action, even if between the same parties, cannot be incorporated by reference" (citing 5A Wright & Miller, Federal Practice and Procedure § 1326 (4th ed. 2018) (collecting cases prohibiting incorporating by reference pleadings from another case))).  Likewise, it is not appropriate to incorporate by reference an entire prior brief, much less one filed under seal in a different case.  In fact, Respondents failed to even attach the filing as an exhibit.  *But cf. Chavez Armenta v. Noem*, No. 26-CV-00236, 2026 WL 274634, at *2 (D. Colo. Feb. 3, 2026) (where Respondents submitted a consolidated Answer to Petition, Respondents attached the opinion purportedly incorporated by reference as an exhibit).  As such, the Court finds that Respondents' purportedly "incorporated"

arguments to be insufficiently cursory, and "the Tenth Circuit said that arguments made in a cursory manner … are waived." *United States v. Martinez*, 542 F. Supp. 3d 1170, 1185 (D.N.M. 2021) (Browning, J.); *see also United States v. Gordon*, 710 F. 3d 1124, 1150 (10th Cir. 2013) ("the arguments are presented in a perfunctory and conclusory fashion, and we are rightly hesitant to definitively opine on such legally significant issues when they have received such cursory treatment").[5]

Even if Respondents' "incorporation" is not deemed insufficiently cursory, there exists other independent grounds for Petitioner's release. Specifically, Respondents entirely failed to address or acknowledge Petitioner's substantive claims and arguments in the context of distinguishable facts; *i.e.,* that Petitioner was released into the interior, that he fully complied with reporting and monitoring pursuant to an ROR and under ATD, that his removal was proceeding pursuant to Section 240 of the INA (8 U.S.C. § 1229a),[6] that his I-589 - Application for Asylum and Withholding of Removal was pending for over a year prior to his detention, and that he was detained without notice or process.[7] Courts routinely deem an issue "waived" when

---

[5] Respondents also allude in a footnote to *Buenrostro-Mendez v. Bondi*, 2026 WL 323330 (5th Cir. Feb. 6, 2026), which they "also believe . . . is relevant . . . ." Doc. 14 at 2 n.1 Again, though, "arguments made in a cursory manner, such as a footnote, are waived." *Martinez*, at 542 F. Supp. 3d at 1185 (Browning, J.).

[6] An arriving noncitizen seeking admission into the United States at a U.S. Port of Entry is "processed either through expedited removal proceedings or through regular removal proceedings." *See Jonack Clervoyant, Petitioner v. Jeremy Casey, Senior Warden, Imperial Reg'l Det. Facility; et al., Respondents. Additional Party Names: Immigr. & Customs Enf't & Removal Operations*, No. 26-CV-0896-GPC-DEB, 2026 WL 473296, at *2 (S.D. Cal. Feb. 19, 2026) (citing *Innovation Law Lab v. McAleenan*, 924 F.3d 503, 507 (9th Cir. 2019)). The regular removal procedure is also known as "section 240 proceedings." *Id.* "240 proceedings involve an evidentiary hearing before an immigration judge and the ability for the individual to apply for asylum if he would be persecuted upon return to his home country." *Id.* (citing 8 U.S.C. § 1229a(a)(1), (b)(1); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020)). "Noncitizens seeking asylum are guaranteed due process under the 5th Amendment throughout this process." *Id.* (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993)); *see also fn. 3, supra*.

[7] The Court finds important to reiterate the message set forth by the U.S. District Court for the Southern District of Indiana in *Fuentes Gomez v. Olsen*:

No doubt, the bond eligibility issue has been the predominant basis for the hundreds of habeas challenges raised by ICE detainees in this and other federal courts in recent months. This Court is

6

a party fails to respond to a movant's substantive argument.  *See, e.g.*, *Rock Roofing, LLC v. Travelers Cas. & Sur. Co.*, 413 F. Supp. 3d 1122, 1128 (D.N.M. 2019) (plaintiff's failure to respond to defendant's argument waived the issue); *Zane v. Kramer*, 195 F. Supp. 3d 1243, 1256 (W.D. Okla. 2016) (plaintiff waived claim where he did not respond to argument raised in defendants' summary judgment motion); *Palmer v. Unified Gov't of Wyandotte Cty.*, 72 F. Supp. 2d 1237, 1250-51 (D. Kan. 1999) ("[T]he court deems plaintiff's failure to respond to an argument raised in defendants' papers tantamount to an express abandonment of any such claim.").  This alone constitute grounds to grant Petitioner's immediate release.  *Cf. Garcia-Henriquez v. Larose*, No. 26-CV-00249, 2026 WL 323328, at *1 (S.D. Cal. Feb. 6, 2026) (granting immediate release where respondents failed to respond to Petitioner's argument); *Fuentes Gomez v. Olsen*, No. 26-CV-00021, 2026 WL 413371, at *1 (S.D. Ind. Feb. 13, 2026) (same); *Diego L. v. Bondi*, No. 26-cv-382, 2026 WL 145206, at *1 (D. Minn. Jan. 20, 2026)

---

sensitive to the reality that the government's attorneys face an ever-expanding workload with the same constraints on time, personnel, and energy that limit the courts.

Nevertheless, the Court expects the government's attorney—who is a tenured and respected practitioner in this District—to move forward mindful of the following.  First, the federal government has chosen to make arrests at breakneck pace in the name of immigration enforcement.  The government and its lawyers have also embraced the newfound legal position that every alien arrested inside the United States without a visa is subject to compulsory detention without the possibility of bond or other relief.  While the Court is sympathetic to the challenges the government's attorneys face, it is reasonable and appropriate for the Court to expect the same level of responsiveness in this litigation, despite its volume and pace, as in any other.

Second, as with all case types, non-responsiveness is unacceptable.  Each time the Court must write such a decision, it delays the time when it will reach the next ripe case.  During that time, the petitioner—and every other petitioner with a meritorious claim—remains in jail without legal justification.  The government is not obligated to defend against every petition.  If it cannot or will not defend against the arguments raised by the petitioner, the government should clearly and promptly notify the Court that it does not oppose the petition, it has afforded the relief that has been requested, and the case is moot.  If that approach is not strictly required by the law, it certainly called for by basic notions of professional courtesy.

Again, the Court declines at this stage to treat the government's failure to meaningfully respond to this petition as an act of bad faith.  The government should not, however, conclude that its approach in this case is acceptable or that it should be repeated.

No. 26-CV-00021, 2026 WL 413371, at *3 (S.D. Ind. Feb. 13, 2026).

(same); *F.B. v. Noem*, No. CV-25-04271, 2025 WL 3628652, at *2 (D. Ariz. Dec. 4, 2025) (same).

## V.  RECOMMENDATIONS

Petitioner seeks a writ of habeas corpus and requests this Court conclude that Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to an individualized bond hearing before an Immigration Judge ("IJ") where the Government bears the burden by clear and convincing evidence or, in the alternative, to order his immediate release if such a hearing is not promptly provided.  Because the Respondents have failed to respond to Petitioner's arguments and thereby waived any defense to the claims raised, the Court finds the Petition should be **GRANTED**.[8]

**THE COURT, THEREFORE, RECOMMENDS**:

1.   That Respondents provide Petitioner an individualized bond hearing before a neutral IJ within seven (7) days of entry of an Order adopting these findings and recommendations;

2.   That if Petitioner does not receive such a hearing in the time prescribed herein, that he be immediately released;

3.   That the IJ be ordered not to deny bond based solely on a lack of jurisdiction under the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*;

4.   That the parties submit a joint status report to the Court confirming that a bond hearing was held and the result of said hearing;

---

[8] *See Gutierrez v. Garcia*, Civ. No. 25-1145 WJ/KRS, 2026 WL 310064, at *5 (Feb. 5, 2026) (explaining that "[c]ourts across jurisdictions have consistently rejected the proposition that current residents of the United States may be retroactively reclassified as arriving aliens for purposes of mandatory detention under § 1225(b).") (citing cases); *see also Ortiz v. Bondi*, et al., Civ. No. 26-287 KG/JFR, Memorandum Opinion and Order (Doc. 7 at 2-3) (Feb. 20, 2026) (citing *Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers opposing the government's policy of mandatory detention of noncitizens already present in the United States pursuant to 8 U.S.C. § 1225(b) have prevailed in at least 350 of them in decisions by over 160 judges across fifty courts)).

5.      That the Motion for Temporary Restraining Order (Doc. 5) be **DENIED AS MOOT**; and

6.      That Petitioner submit an application for costs and fees within 30 days of a final order pursuant to 28 U.S.C. § 2412, to which Respondents may reply within fourteen (14) days.

**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**